## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br>Jerry Kimbrough<br><br><br><br>Debtor, | )<br>)<br>) **Case Number 21 B 10468**<br>) **Hon. David D. Cleary**<br>) **Bankruptcy Judge**<br>)<br>)<br>)<br>) |
| _____<br>**DAVID P. LEIBOWITZ,**<br>**Chapter 7 Trustee, et. al.,**<br>**Plaintiff,**<br>                    v.<br>**Jerry Kimbrough**<br><br>**Defendant,** | )<br>)<br>)<br>) **Adversary Case 21-**<br>)<br>)<br>)<br>) |

### COMPLAINT OBJECTING TO DISCHARGE

David P. Leibowitz, Trustee for the Estate of Jerry Kimbrough, for his

complaint objecting to discharge, states as follows

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §

1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      By Local Rule 40.3.1(a) of the United States District Court for

the Northern District of Illinois, the District Court has referred all

bankruptcy cases to the Bankruptcy Court for initial determination, as

permitted by 28 U.S.C. § 157(a).

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).

4.      Debtors filed a voluntary petition for relief under Chapter 7 of

the Bankruptcy Code on September 9, 2021.

5.    David P. Leibowitz is the duly appointed, qualified, and acting Trustee of this estate.

6.    Debtor's petition stated at lines 3.1 of his Schedule B that the only automobile he owned was an unnamed vehicle, without reference to make or model worth $2,900.

7.    In Schedule C, Debtor identified this vehicle as a "Chevrolet Suburban" valued at $2,900.

8.    These statements were false.

9.    In fact, the vehicle bears VIN 1GNFK16377J355223. Debtor ascribes a value of $6,900 to this vehicle based on a CarMax Appraisal. CarFax suggests that the retail value of this vehicle might be as much as $8,200. The particulars of this vehicle are as follows: 2007 Chevrolet k1500 Suburban 4 door wagon/sport utility, 5.3l v8, flex fuel. rear wheel drive with 4x4

10.    Debtor also owns the following vehicles that he failed to schedule as assets.

- Gray 2004 Chevrolet Suburban VIN: 3GNFK16Z34G337092
- Black 2001 Chevrolet Suburban VIN: 3GNFK16T21G264417
- White 2007 Dodge Ram VIN: 1D7HU18237S189198

11.    Further, Debtor disposed of a vehicle within a few months of the filing of his bankruptcy case but failed to disclose that disposition in his statement of financial affairs. Specifically, that vehicle is:

- 1973 Chevrolet Caprice VIN: 1N69R3D241669

12.    Debtor knew that the statements in his petition regarding vehicles were false.

13.    Debtor knew that he had omitted information in his schedules and statements of financial affairs regarding disposition of the 1973 Chevrolet Caprice.

14.    Therefore, he knew that his declarations regarding schedules and statements of financial affairs were false.

15.    Debtor's statements in his bankruptcy petition were made under penalty of perjury.

16.    In addition to the foregoing, Debtor attended and testified at a meeting of creditors pursuant to Section 341 of the Bankruptcy Code. At that meeting, he was given an opportunity to correct any incorrect statements in his petition or schedules. However, he failed to do so.

## COUNT I

## False Oaths

17.    Trustee repeats and realleges paragraphs 1-16 as though set forth in full herein.

18.    Debtor's false oaths, in the petition and schedules, and at the meeting of creditors pursuant to Section 341 of the Bankruptcy Code, regarding his ownership and disposition of vehicles in his Bankruptcy Petition were made knowingly and fraudulently.

19.     By reason of the foregoing, the Court should deny discharge to
the Debtor pursuant to Section 727(a)(4)(A) of the Bankruptcy Code.

Wherefore, Trustee prays that Debtor's discharge be denied.

## COUNT III

21.     Trustee repeats and realleges paragraphs 1-16.

22.     By reason of the foregoing, the Debtor has concealed property
of the estate after the date of the filing of his petition.

23.     Debtor's concealment of the vehicles other than the 2007
Chevrolet Suburban was done with the intent to hinder, delay or defraud
the Trustee.

24.     By reason of the foregoing, the Court should deny discharge to
the Debtor pursuant to Section 727(a)(2)(B) of the Bankruptcy Code.

Wherefore, Trustee prays that Debtor's discharge be denied.

*/s/ David P. Leibowitz*
Chapter 7 Trustee

David P. Leibowitz
Illinois Attorney 1612271
Law Offices of David P. Leibowitz, LLC
3438 N. Elaine Place – Suite 4
Chicago, IL 60657
312-662-5750
dleibowitz@lodpl.com